THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARLOS COLÓN BÁEZ, Defendant and Appellant.

No. CR-67-261.      Decided October 23, 1968.

*E. Armstrong Watlington, Enrique Miranda Merced,* and *Julio García Antique* for appellant. *Rafael A. Rivera Cruz, Solicitor General, J. F. Rodríguez Rivera,* and *Lolita Miranda, Assistant Solicitors General,* for The People.

PER CURIAM: The prosecuting attorney filed three informations against appellant. In the first one he charged him with violation of § 155 of the Penal Code, as a subsequent offense, consisting in that ". . . on or about February 14, 1967 . . . said defendant, unlawfully, voluntarily and maliciously, and criminally, and in violation of the law, introduced the narcotic drug known as heroin in the District Jail

of Ponce." In the other two informations he was charged, as subsequent offense, with (1) transportation and concealment of the narcotic drug known as heroin, and (2) illegally having said drug in his possession.

After a trial by the court he was found guilty in the three cases and was sentenced in each one to serve concurrently from 10 to 15 years in the penitentiary.

On appeal he assigns as errors, 1) admitting appellant's waiver of the jury, 2) upholding the sufficiency of the information for violation of § 155 of the Penal Code, 3) insufficiency of the evidence to support the conviction for violation of the said § 155 of the Penal Code, 4) in not holding that the evidence obtained from appellant was the product of an illegal search, 5) the existence of the former conviction was not proved.

The errors were not committed.

(1) At the commencement of the trial the following happened:

"Defense: Your Honor, the defendant has told me that he wants to waive his right to a trial by jury, and wants his case to be tried by the court.

"The Court: Well. You are accused, sir, of two violations of the Narcotics Act and a violation of § 155 of the Penal Code. You are entitled to a trial by jury in the three causes. Your attorney says that you waive the jury. Is that so?

"Defendant: Yes, sir.

"The Court: That waiver, do you consent to it voluntarily?

"Defendant: Yes, sir.

"The Court: Well. Then your case will be tried by the court. The waiver made by defendant of his right to a trial by jury is accepted." (Tr. of Ev. 2.)

■ There is no doubt that the waiver of the right to a trial by jury should be made by the defendant personally, voluntarily, and intelligently. *People* v. *Juarbe de la Rosa,* 95 P.R.R. 736 (1968).

■ Appellant herein made the waiver personally and voluntarily. It remains to determine only whether that waiver was intelligently made. It could be said that the defendant was not told the difference between a trial by jury and a trial by the court. However, circumstances showing that the defendant knew that difference appear from the record. In the first place, it was the defendant himself who told his attorney that he wanted to waive his right to a trial by jury and that his cases should be tried by the court. In the second place, he was accused for subsequent offenses which leads one to believe that the defendant had a greater knowledge of criminal prosecutions. It is so, for the defendant had been formerly prosecuted before a jury for the offense of robbery. *People* v. *Fernando Luis Vega Vera*, Cr-65-480, Judgment of December 15, 1966. Considering the foregoing circumstances we have to conclude that defendant-appellant waived his right to a trial by jury intelligently.

■ (2) The information for violation of § 155 of the Penal Code, the essential part of which we have copied, charges a public offense. Said section prohibits and punishes the introduction, in violation of the law, of narcotic drugs in a penal institution. It is not that the introduction must be, as appellant alleges, for an inmate. The second paragraph of the cited section deals with the introduction in the penal institution. The fourth paragraph of that same section deals with the sale, donation or delivery of narcotic drugs to an inmate, within or without the penal institution.[1]

---

[1] The second paragraph of § 155 of the Penal Code (33 L.P.R.A. § 512) reads:

"Every person who, in violation of the law, sells or helps to sell or circulate, or who attempts to introduce, sell, or circulate, or who introduces, sells or circulates, drugs, narcotics or stupefacients, weapons of any kind, razors or razor blades, alcoholic or intoxicating beverages, explosives, projectiles, or any other smuggled goods or thing, or any smuggled letter or message, to a prisoner in a penal institution, prison or jail in Puerto Rico, or in the premises thereof, shall be guilty of a felony and shall, upon conviction, be punished by a maximum fine of ten thousand (10,000)

  . (3) The evidence showed that appellant, upon returning from a leave which had been granted to him, introduced in the District Jail of Ponce, where he was confined, the narcotic drug known as heroin. It did not have to be proved, as we held in disposing of the foregoing error, that the drug was introduced for another inmate.

■ (4) Once appellant returned to the jail accompanied by the corporal of the Penal Guard he was taken to the place where the inmates keep the clothes they use outside the jail and they receive the blue uniform. By provision of an internal rule of the jail established in 1946, appellant was searched and the narcotic drug known as heroin was found on his person.

The evidence thus obtained was admissible as proof since it was the product of a legal search, the performance of a necessary and adequate routine in our penal institutions.

■ The constitutional right against unreasonable searches does not protect appellant in this case.   :

■ (5) Inasmuch as from the minutes of June 7, 1967 it appears that appellant accepted the allegation of former conviction in each one of the cases, the assignment that the prosecuting attorney did not establish said conviction is frivolous.

The judgments appealed from will be affirmed.

Mr. Justice Santana Becerra did not participate herein.

---

dollars or by imprisonment for a term of not less than one (1) nor more than ten (10) years, or by both penalties, in the discretion of the court."

. And the fourth paragraph provides:

"Every person who sells, donates or otherwise delivers, drugs, narcotics, or stupefacients, weapons of any kind, razors or razor blades, alcoholic or intoxicating beverages, explosives, projectiles, or any other smuggled goods or thing, or any smuggled letter or message, to a prisoner in a penal institution, jail or penitentiary in Puerto Rico, within or without the same, knowing that he is a prisoner, shall be guilty of a felony and shall, upon conviction, be punished by a maximum fine of ten thousand (10,000) dollars or by imprisonment for not less than one (1) nor more than ten (10) years, or by both penalties, in the discretion of the court."